[No. 35633. Department One. March 9, 1961.]

ANNA CATE NOTT *et al., Respondents,* v. BYRON CRABTREE *et al., Appellants.*[1]

*Ralph Purvis,* for appellants.

*Richard C. Reed* (of *Brethorst, Fowler, Bateman, Reed & McClure*), for respondents.

PER CURIAM.—This is a factual appeal. The plaintiffs' beach home and its contents were destroyed by a slide. The trial court found the damages to be $15,863.76; the extent of damage is not an issue.

The trial court found, and there is evidence to sustain the finding, that the slide was "triggered" by the operation of a bulldozer owned and operated by Byron Crabtree above the slide area.

There were two very close questions, both of which the trial court expressly or inferentially decided against the defendants: First, whether a reasonably prudent and cautious bulldozer operator (as distinguished from engineers who were experts in determining the causes of slides) should have foreseen that his activities might "trigger" a slide; and, second, whether or not the slide would have occurred in a short time irrespective of any operation of

[1]Reported in 360 P. (2d) 139.

the bulldozer. (One of the experts testified that it was "inevitable.")

■ Both of these questions had to be answered by the trier of the facts, here the trial judge. That different men might reach different conclusions on both of these questions must be conceded, because that is the situation among the members of this department; but all are in accord on the proposition that there was substantial evidence to sustain the trial court's finding of negligence (in which the element of foreseeability inheres) and its finding that the negligence of the bulldozer operator was a proximate cause of the injury to the plaintiffs' property. Beyond that our inquiry on a factual issue will not go. *DeBlasio v. Kittitas* (1960), *ante* p. 208, 356 P. (2d) 606, and cases cited.

■ If we were of the opinion that the trial court should have resolved the factual dispute the other way, this court would not substitute its findings for those of the trial court. *Stringfellow v. Stringfellow* (1960), 56 Wn. (2d) 957, 350 P. (2d) 1003, and cases cited; *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183, and cases cited.

The judgment is affirmed.